IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JAMES LEGGINS, ADC #95949 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| WENDY KELLEY, Assistant Medical | * | No. 5:11CV00330-JJV |
| Director, Arkansas Department of | * | |
| Correction; *et al.*, | * | |
| | * | |
| Defendants. | * | |

**AMENDED AND SUBSTITUTED
MEMORANDUM AND ORDER[1]**

**I.   INTRODUCTION**

Plaintiff James Leggins is an inmate at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his constitutional rights when they delayed his treatment from a glaucoma specialist. (Doc. No. 1). He names Marie Austin and Wendy Kelly as defendants. Ms. Austin is employed by Corizon Medical, the ADC's medical services provider. Ms. Kelly is a medical administrator and Deputy Director for the ADC. (Doc. No. 35.)

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants have filed separate Motions for Summary Judgment (Doc. Nos. 31, 34), asserting they are entitled to summary judgment as a matter of law. Mr. Leggins filed a Response to the Motions. (Doc. No. 46.) After careful consideration, the Court finds that the Motions for Summary Judgment are granted and Mr. Leggins's Complaint (Doc. No. 1) is DISMISSED.

---

[1] The Court previously entered a Recommended Disposition before realizing this was a consent case.

## II. BACKGROUND

In January 2009, Mr. Leggins was diagnosed with advanced glaucoma and prescribed eye-drops to relieve the pressure in his eyes. (Doc. No. 36-1 at 2.) However, he believed the prescription eye-drops were not working, so he filed several medical grievances requesting a referral to a specialist and eye surgery. (Doc. Nos. 36-1, 36-2, 36-4.) In January 2010 and again on May 6, 2010, he was referred to a specialist for treatment. (Doc. No. 36-4 at 2-3.) On December 7, 2011, Mr. Leggins states the specialist informed him that because the Defendants had deferred his referral, surgery was no longer a feasible option. (Doc. No. 1 at 4.)

Mr. Leggins also complains that sometime prior to April 12, 2010, he started receiving a smaller bottle of prescription eye-drops. (Doc. No. 33-1 at 4.) And the thirty-day prescription would only last fourteen to fifteen days. (*Id.*). When he complained to the medical staff, they said he was misusing his medication. (*Id.*). But each time he complained to Ms. Austin, she would have the nurse order additional medication for him. (*Id.*)

In his Complaint, Mr. Leggins asserts the Defendants violated his constitutional rights when they failed to promptly process his referral to the specialist. (Doc. No. 1 at 4-7.) He also asserts they were deliberately indifferent to his serious medical needs when they failed to order sufficient medication for him. (Doc. 33-1 at 4.)

## III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the Court must view the evidence in

2

a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.   ANALYSIS

To establish a claim of deliberate indifference to serious medical needs under § 1983, an inmate must demonstrate that the suffered from an objectively serious medical need and that the defendants actually knew of but deliberately disregarded the need. *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Cameros v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

"Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed." *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir.1995). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

The United States Court of Appeals for the Eighth Circuit has explained:

> Prison doctors and guards violate the Eighth Amendment when they act with 'deliberate indifference to [an inmate's] serious medical needs.' 'Deliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Likewise, an inmate's 'mere disagreement with the course of his medical treatment' fails to state a claim of deliberate indifference.

*Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (citations omitted).

### A.     Defendant Austin's Motion for Summary Judgment (Doc. No. 31)

In his deposition, Mr. Leggins testified that each time he complained to Ms. Austin about not receiving enough eye-drops, she directed the nurses to order additional eye-drops. (*Id.* at 15, 30). When asked why he was suing Ms. Austin, he replied, because "she was over the personnel . . . that was . . . not ordering my proper medication[.]" (*Id.* at 7.) He further explained that his issues were with the individuals Ms. Austin supervised. (*Id.* at 30.)

Supervisors cannot be held liable under § 1983 on a theory of respondeat superior or supervisor liability. *See Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1011 (8th Cir. 2012); *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). A supervisor can only be held liable for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices. *Luckert*, 684 F.3d at 817.

The undisputed facts show that each time Ms. Austin was made aware of Mr. Leggins's need for additional medication she took corrective action to ensure that he received more. The record shows Mr. Austin did not deliberately disregard Mr. Leggins's medical needs in any way. Therefore, Mr. Leggins fails to state a claim of deliberate indifference against Ms. Austin and she is entitled to

summary judgment.

### B. Defendant Kelly's Motion for Summary Judgment (Doc. No. 34)

#### 1. Sovereign Immunity

Ms. Kelley asserts that sovereign immunity requires that Mr. Leggins's official capacity claims for monetary damages be dismissed. Ms. Kelley is a medical administrator and Deputy Director for the ADC. (Doc. No. 35 ¶ 3). The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004); *Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the state. *See Printz v. U.S.*, 521 U.S. 898, 930 (1997); *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Thus, the Eleventh Amendment has been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). For these reasons, the Court, finds that Mr. Leggins's official capacity claims for monetary damages against the Ms. Kelley are dismissed.

#### 2. Deliberate Indifference

Ms. Kelley seeks summary judgment against Mr. Leggins because his claims are merely a disagreement in the course of treatment. (Doc. No. 36 at 4.) The Court agrees.

The undisputed facts establish that on May 26, 2009, Mr. Leggins filed his first grievance, MX-09-01231, requesting a referral to an eye specialist. (Doc. No. 36-1 at 1.) His request was denied and he appealed to Ms. Kelley. Ms. Kelley concluded that Leggins was receiving regular treatment, so she found his grievance to be without merit. (*Id.* at 2.) Specifically, she noted that

5

between December 28, 2008, and July 24, 2009, Mr. Leggins received treatment for his eyes on nine occasions. (*Id.* at 2.)

On August 10, 2009, Mr. Leggins filed a second grievance, MX-09-01800, requesting a referral to a specialist and eye surgery. (Doc. No. 36-2.) Because none of his treating physicians had indicated a referral was necessary, Ms. Kelley also found this grievance to be without merit. (Doc. No. 36-2 at 3.)

In January 2010, Mr. Leggins was referred to a specialist for treatment; however, when his referral was not promptly completed, he filed a third grievance. (Doc. No. 36-4). Ms Kelley responded that the January 2010 referral was returned with a recommendation that Mr. Leggins continue eye-drops and follow up with the doctor in two months. (*Id.*). After his follow up visit, Mr. Leggins was again referred to a specialist, whom he saw on May 10, 2010. (*Id.* at 3.)

According to Ms. Kelley, the specialist recommended that Mr. Leggins continue his eye-drops and follow up in six to eight weeks. During his July 1, 2010, follow up, it was again recommended that Mr. Leggins continue his eye-drops. (*Id.*)

On review of the evidence, the Court finds that Mr. Leggins's claim against Ms. Kelley is a disagreement over treatment. Inmates are entitled to adequate medical care, but not the best care possible. *Schaub v. VonWald*, 638 F.3d 905, 935 (8th Cir. 2011). They have no constitutional right to receive a particular or requested course of treatment, and correctional facility doctors remain free to exercise their independent medical judgment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). The fact that Mr. Leggins disagrees with his course of treatment fails to establish an Eighth Amendment violation. *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).

    3.    Delay in Treatment

To the extent that Mr. Leggins is attempting to bring a delay in treatment claim against Ms.

6

Kelley, that claim also fails. When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should be measured by reference to the effect of delay in treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995)(internal quotation marks omitted)). To establish this effect, the inmate must place verifying medical evidence into the record to establish that the delay had a detrimental effect. *Id.*; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Mr. Leggins fails to present any medical evidence establishing that any delay in treatment had a detrimental effect. In the absence of such evidence, the Court finds that he fails to assert a delay in treatment claim that rises to the level of an Eighth Amendment violation. Ms. Kelley is, therefore, entitled to summary judgment as a matter of law with respect to his delay in treatment claim.

### 4. Qualified Immunity

Ms. Kelley also argues that she is entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable

7

to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] "Qualified immunity is appropriate only if no reasonable fact-finder could answer yes to both of these questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

The United States Supreme Court precedent establishes:

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

For these reasons, the Court finds that Mr. Leggins fails to establish that Ms. Kelley violated his constitutional rights. Ms. Kelley is, therefore, entitled to qualified immunity.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Defendants' Motions for Summary Judgment (Doc. Nos. 31, 34) are GRANTED.

2. Mr. Leggins's Complaint (Doc. No. 1) is DISMISSED with prejudice.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).

8

SO ORDERED this 31st day of January, 2014.

                                       _____
                                       JOE J. VOLPE
                                       UNITED STATES MAGISTRATE JUDGE